4/17/2018 4:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 23965368
By: Nelson Cuero
Filed: 4/17/2018 4:48 PM

*2018-25928 / Court: 165*

CAUSE NO. _____

| | | |
|---|---|---|
| SALLYPORT COMMERCIAL FINANCE, LLC, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § § | |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| ROBERT KEITH MOORE and DEBORA LANG MOORE, | § § § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

NOW COMES Plaintiff, SALLYPORT COMMERCIAL FINANCE, LLC, complaining of ROBERT KEITH MOORE and DEBORA LANG MOORE, and shows the following:

**I.
DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.
PARTIES AND SERVICE**

2. Plaintiff, SALLYPORT COMMERCIAL FINANCE, LLC (hereinafter, "Sallyport" or "Plaintiff"), is a Delaware limited liability company whose address is 14100 Southwest Freeway, Suite 210, Sugar Land, Texas 77478.

3. Defendants, ROBERT KEITH MOORE (hereinafter, "R. Moore") and DEBORA LANG MOORE (hereinafter, "D. Moore") (collectively, "Defendants"), committed a tort in whole or in part as described below. Defendants are residents of the State of California and can be served with process through the Secretary of State for the State of Texas at their domicile,

904312648.1 | 48408.0024



2404 South Beech Drive, Visalia, CA 93292, pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041-.045.

### III.
### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. Furthermore, Defendants are subject to the jurisdiction of this Court because each purposefully availed themselves of the privileges and benefits of this jurisdiction through the agreements made the basis of Plaintiff's claims. In this way, there is a substantial connection between Defendants' contacts and the operative facts of the litigation.

6. Venue is proper in Harris County pursuant to TEX. CIV. PRAC. AND REM. CODE § 15.002 et. seq. The agreements made the subject of this action provide for venue in Harris County, Texas.

7. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV.
### FACTS

8. Plaintiff is a commercial factoring company that purchases accounts receivable from various businesses. Defendant R. Moore, as President of Don Rose Oil Co., Inc., (hereinafter, "DRO") sold numerous invoices to Plaintiff pursuant to a factoring agreement. The factoring agreement provided for certain collateral rights, chargeback rights, and offset rights in favor of Plaintiff, and was secured by a fraud guaranty executed by Defendant R. Moore, and continuing guaranties executed by Defendants R. Moore and D. Moore.

9. Defendant R. Moore executed a Fraud Guaranty and Support Agreement (hereinafter, "Fraud Guaranty"), in which Defendant R. Moore warranted and guaranteed that

> "each of [DRO]'s Accounts submitted to [Sallyport] and all financial statements, are true, genuine, complete and accurate and in all respects what they purport to be, represent bona fide obligations of [DRO]'s customers arising out of the performance of a service or the sale and completed delivery of merchandise sold by [DRO] . . . (iii) none of the Accounts are the subject of any known offsets, defenses or counterclaims of any nature whatsoever; (iv) [DRO] will not in any way impede or interfere with the normal collection and payment of the Accounts or direct payment of Accounts from [Sallyport] to [DRO].

10. In the Fraud Guaranty, Defendant R. Moore further agreed to indemnify for losses resulting from any misrepresentation. Specifically, the Fraud Guaranty provides as follows,

> The undersigned hereby unconditionally indemnifies [Sallyport] and holds [Sallyport] harmless from any direct, indirect, or consequential damage or loss which [Sallyport] may sustain as a result of the breach of or [Sallyport]'s reliance on any representation or warranty contained herein to the extent that any of the foregoing damages or losses in whole or in party are based upon , caused by or related to any misstatement, omission, fraud, deceit or criminal act on the part of the undersigned . . . .

11. Upon information and belief, Defendant R. Moore, as President of DRO, had detailed knowledge of customers, transactions and invoicing. Defendant R. Moore, as President of DRO, knowingly misrepresented that prepayment invoices were eligible Accounts that were collectible. In reality, the prepayment invoices represented advance payments for services which had not yet been rendered by DRO, and which were not collectible.

12. Upon information and belief, Defendant R. Moore also colluded with a third-party competitor of DRO with the intent, purpose and effect of undermining and destroying the financial viability of DRO, and materially impairing the ability of DRO to fulfill its obligations to Plaintiff under the factoring agreement. Defendant R. Moore also attempted to fraudulently transfer assets of DRO to third parties. Moreover, Defendant R. Moore was sued for similar reasons by the United States Trustee in In re Don Rose Oil Co., Inc., Case No. 17-12389-A-11 (Bankr. E.D. Cal.).

13. Additionally, upon information and belief, Defendant R. Moore compounded the negative impact of his interference with DRO's ability to fulfill its obligations to Plaintiff by directly competing with DRO, and slandering the financial and commercial viability of DRO in order to capture the business interests of DRO. In the same way, upon information and belief, Defendant R. Moore further impeded and interfered with DRO's ability to fulfill its obligations under the factoring agreement by attempting to steal key personnel of DRO for the benefit of himself and his competitor entity.

14. Regardless, Defendants each signed an unlimited and traditional Continuing Guaranty for the payment and performance of the factoring agreement of DRO. Pursuant to the Continuing Guaranties, Defendants are required to individually guarantee the payment and performance of DRO under the factoring agreement. Because DRO has failed to comply with the terms of the factoring agreement, Defendants R. Moore and D. Moore are personally, and jointly and severally, liable for the obligations under the factoring agreement and for the causes of action pled herein. Under the factoring agreement, $4,481,829.89 is owed and outstanding. However, DRO has filed for bankruptcy (which is why it is not a defendant herein), which is an event of default under the factoring agreement. Therefore, Defendants R. Moore and D. Moore are liable for such sums.

## V.
## CAUSES OF ACTION

### A. Breach of Contract

15. Plaintiff incorporates the above paragraphs as if fully set forth herein.

16. Defendants are liable for the invoices purchased by Plaintiff from DRO. The above-referenced factoring agreement constitutes a valid and binding contract. Plaintiff performed under the contract by delivering funds to DRO pursuant to the purchase terms of the

factoring agreement. DRO breached the factoring agreement, and Defendant R. Moore breached the Fraud Guaranty.

17. Similarly, Defendants R. Moore and D. Moore breached the Continuing Guaranties.

18. Plaintiff incorporates the above paragraphs as if fully set forth herein.

19. Defendant R. Moore has received money from Plaintiff advanced pursuant to the factoring agreement for the sale of the uncollectable invoices, and Defendant R. Moore has thereby been unjustly enriched.

**B.** **Fraud**

20. Plaintiff incorporates the above paragraphs as though fully set forth herein.

21. A portion of the invoices sold to Plaintiff by DRO and Defendant R. Moore were uncollectable. At the time of the sale, Defendant R. Moore knew that these invoices were uncollectable. However, Defendant R. Moore misrepresented the invoices as collectable by Plaintiff. These misrepresentations were false, and Defendant R. Moore made the representations with knowledge of their falsity. When Defendant R. Moore made these misrepresentations, Plaintiff relied upon the misrepresentations, and Defendant R. Moore knew and intended that Plaintiff would so rely. Plaintiff relied on the misrepresentations of Defendant R. Moore and suffered injury thereby. As such, Defendant R. Moore has defrauded Plaintiff, and Plaintiff is entitled to actual, as well as exemplary, damages.

**C.** **Foreclosure of Security Interest**

22. Plaintiff timely filed and perfected its security interests in the collateral described by the Fraud Guaranty and the Continuing Guaranties, under UCC Nos. 157472248050, 1775723884, 157472248434, and 1775723918, filed with the California Secretary of State.

Plaintiff is entitled to foreclose on its security interests and hereby sues to foreclose on its security interests.

## VI.
## DAMAGES

23. Plaintiff sustained actual damages in the principal amount of $4,481,829.89 as a result of the actions and/or omissions of Defendants described hereinabove for which Plaintiff hereby seeks recovery.

## VII.
## ATTORNEY'S FEES

24. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practice and Remedies Code, (b) common law, and (c) the attorney's fee provisions of the factoring agreement and personal guarantee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SALLYPORT COMMERCIAL FINANCE, LLC, respectfully prays that Defendants, ROBERT KEITH MOORE and DEBORA LANG MOORE, be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for the actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and foreclosure of Plaintiff's security interest, and

such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

        Respectfully,

        **LeClairRyan**

        By: /s/ *Jason M. Medley*
            JASON M. MEDLEY
            Texas State Bar No. 24013153
            TREVOR A. HALL
            Texas State Bar No. 24078617
            1233 West Loop South, Suite 1000
            Houston, Texas 77027
            (713) 654-1911 Telephone
            (713) 650-0027 Facsimile
            E-Mail: jason.medley@leclairryan.com
            E-Mail: trevor.hall@leclairryan.com

        *Counsel for Plaintiff*
        **SALLYPORT COMMERCIAL FINANCE, LLC**