UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALLYPORT COMMERCIAL FINANCE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-1922 |
| | § | |
| ROBERT KEITH MOORE and | § | |
| DEBORA LANG MOORE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to dismiss filed by defendants Robert Keith Moore ("R. Moore") and Debora Lang Moore ("D. Moore"), residents of the State of California. Dkt. 3. Plaintiff Sallyport Commercial Finance, LLC ("Sallyport"), a Delaware limited liability company with an address in Sugar Land, Texas, responded, and in the alternative, requested leave to amend its original complaint. Dkt. 1, Ex. 3 ¶ 2; Dkt. 7. Having considered the motion, the response, other relevant documents in the record, and applicable law, the court is of the opinion that the motion to dismiss should be GRANTED IN PART AND DENIED IN PART, and Sallyport's motion for leave to amend should be GRANTED. Additionally, the court should defer ruling on R. Moore's improper venue motion until it receives additional briefing. The rest of the motion to dismiss should be DENIED.

**I. BACKGROUND**

The underlying transaction for this case is an accounts sale and purchase agreement ("the Agreement") between Sallyport and Don Rose Oil Co., Inc. ("DRO"). Dkt. 1, Ex. 3 ¶ 8. Pursuant

to the Agreement, DRO sold numerous invoices to Sallyport, providing certain collateral rights, chargeback rights, and offset rights in favor of Sallyport. *Id.*

R. Moore, President of DRO, executed a fraud guaranty and support agreement ("the Guaranty"), in which he warranted and guaranteed that "each of [DRO]'s Accounts submitted to [Sallyport] and all documentation submitted to [Sallyport] . . . are true, genuine, complete and accurate . . . ." Dkt. 1, Ex. 3 ¶ 9; Dkt. 7, Ex. 1-B at 1. R. Moore further agreed to "unconditionally indemnif[y] and hold[] [Sallyport] harmless from any direct, indirect, or consequential damage or loss which [Sallyport] may sustain as a result of the breach of or [Sallyport's] reliance on any representation or warranty . . . ." *Id.* R. Moore also consented to the jurisdiction of any court Sallyport chooses located in the State of Texas. Dkt. 7, Ex. 1-B at 2 (consenting to laws and jurisdiction of the "Chosen Forum" in the Agreement); Dkt. 7, Ex. 1-A at 13 (the Agreement) (choosing the laws of the state of Texas).

Similarly, D. Moore executed a continuing guaranty agreement ("the Continuing Guaranty") for the payment and performance of the Agreement. Dkt. 1, Ex. 3 ¶ 8; Dkt. 7, Ex. 1-C at 1. D. Moore consented to the jurisdiction of any court Sallyport chooses located within Harris County, Texas, and waived all rights to transfer venue. Dkt. 7, Ex. 1-C at 11. Additionally, D. Moore consented to service of process "by personal delivery or any other methods permitted by law." *Id.*

Sallyport alleges that the accounts purchased from DRO represent advance payments for services not yet rendered by DRO and therefore were not collectible. Dkt. 7 at 2. According to Sallyport, it was unable to collect on these accounts or under the Guaranty or the Continuing Guaranty, and it has thus been damaged in the amount of $4,481,829.89. Dkt. 1, Ex. 3 ¶ 14.

Sallyport filed a complaint in state court against the Moores, asserting claims for (1) breach of contract, (2) fraud, and (3) foreclosure of security interest.[1] Dkt. 1, Ex. 3. The Moores removed the action to this court on June 11, 2018, and then filed a motion to dismiss Sallyport's complaint.[2] Dkts. 1, 3. Sallyport contends that it has met the requirement to survive the motion to dismiss and, in the alternative, asks for leave to amend its complaint. Dkt. 3.

## II. LEGAL STANDARD

The Moores move to dismiss under every subsection of Federal Rule of Civil Procedure 12(b). The court will first set forth the legal standard for dismissal under each subsection, and it will then analyze whether the legal standard has been met.

**A.    Rule 12(b)(1)**

A party may challenge the subject matter jurisdiction of a district court pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party asserting jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court may consider any of the following in ruling on a Rule 12(b)(1) motion: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

---

[1] DRO has filed bankruptcy and thus is not a defendant. Dkt. 1, Ex. 3 ¶ 14.

[2] The Moores also prayed alternatively that this case be stayed pending a determination by the United States Bankruptcy Court without providing any argument or authority. Dkt. 3 at 5. The court lacks information to make any decision on this request.

**B.  Rule 12(b)(2)**

A court must dismiss a claim against a defendant over whom it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  When a district court rules on a Rule 12(b)(2) motion without a hearing, as is the case here, the plaintiff must make a prima facie showing of jurisdiction.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  The court may consider the contents of the record, including affidavits or other recognized methods of discovery, in deciding whether to exercise specific jurisdiction.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  The court accepts the plaintiff's non-conclusory, uncontroverted allegations as true, and resolves conflicts between the facts contained in the parties' affidavits in the plaintiff's favor. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent with due process under the U.S. Constitution.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).  The two-part jurisdictional inquiry collapses into a single step in this forum because the Texas long-arm statute extends to the limits of federal due process.  Tex. Civ. Prac. & Rem. Code § 17.042; *Johnston*, 523 F.3d at 609 (5th Cir. 2008)*; Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).  To meet the requirements of due process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the benefits of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Mullins*, 564 F.3d at 398.

"[A] forum selection clause is prima facie valid and should be enforced unless the resisting party shows that enforcement would be unreasonable."  *Seattle–First Nat'l Bank v. Manges*,

900 F.2d 795, 799 (5th Cir.1990). The burden of proving unreasonableness can be met only by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir.1998). "To the extent that a party has consented to personal jurisdiction in a specified forum, an analysis of the forum state's long-arm statute and the party's contacts with the forum state is unnecessary." *Fin. Fed. Credit, Inc. v. NE Rentals Inc.*, No. CIV.A. H-09-2956, 2009 WL 4667571, at *3 (S.D. Tex. Dec. 1, 2009); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, n.14, 105 S. Ct. 2174 (1985) ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' . . . their enforcement does not offend due process." (citation omitted)).

**C.      Rule 12(b)(3)**

Rule 12(b)(3) permits a defendant to timely move to dismiss an action on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper if a civil action is brought in " a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "[C]ommunications to [Texas] can constitute a substantial part of the events giving rise to a plaintiff's claims, if the claims derive directly from those communications." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 493 (5th Cir. 2018) (quoting *Siragusa v. Arnold*, No. 3:12-CV-04497-M, 2013 WL 5462286, at *3 (N.D. Tex. Sept. 16, 2013)).

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). If a plaintiff files an action in the wrong district, transfers based on the interest of justice are generally

preferred over dismissals. *El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C.2004); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913 (1962). If the original venue is proper, under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). This statute "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964). When a party seeks to transfer an action to a purportedly more convenient forum, the movant must show good cause. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In order to show good cause, the moving party must satisfy the statutory requirements and "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting 28 U.S.C. § 1404(a)).

A court engages in two basic inquiries when deciding a motion to transfer venue. First, as a threshold matter, the court must determine whether venue could lie in the proposed transferee court. 28 U.S.C. § 1404(a); *Horseshoe Entm't*, 337 F.3d at 433. In other words, the transferee district must qualify under the applicable venue statutes as a judicial district where the action "might have been brought." *Id.* Once the court is satisfied that the transferee district is a proper venue for the action, the court must then turn to the critical issue—whether the "convenience of parties and witnesses, in the interest of justice" requires the district court to transfer the action to another district. 28 U.S.C. § 1404(a). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen AG*, 371 F.3d at 203

6

(quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). The *Vokswagen AG* court illustrated the private and public factors as follows:

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* The factors evaluated in this analysis are entrusted to the sound discretion of the district court. *Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir. 1970).

### D.     Rule 12(b)(4)–(5)

Rule 12(b)(4) provides insufficient process as the basis to dismiss a complaint, and Rule 12(b)(5) provides insufficient service of process as the basis. Fed. R. Civ. P. 12(b)(4)–(5). Texas's long-arm statute provides that the secretary of state is an agent for service of process on a nonresident who has not designated or maintained a resident agent and "engages in business in this state." Tex. Civ. Prac. & Rem. Code § 17.044(a)(1). A nonresident does business in this state if the nonresident "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state." *Id.* § 17.042; *Hess v. Bumbo Int'l Tr.*, 954 F. Supp. 2d 590, 597 (S.D. Tex. 2013).

### E.     Rule 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the

face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Under Federal Rule of Civil Procedure 8(a), the level of detail for a pleading only requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, (2007). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556.

**F.     Rule 12(b)(7)**

Under Rule 12(b)(7), a defendant may move to dismiss a complaint if the plaintiff has failed to join a necessary party under Rule 19. Fed. R. Civ. Proc. 12(b)(7). Rule 19 provides a two-prong test for the court to determine if the action should be dismissed. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). "First, Rule 19(a) provides a framework for deciding whether a given person should be joined. Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). A person must be joined if "the court cannot accord complete relief among existing parties." Fed. R. Civ. Proc. 19(a)(1)(A).

## III. ANALYSIS

**A.    Rule 12(b)(1)**

The Moores claim that this court lacks subject matter jurisdiction, which contradicts their assertions in their statement in a removed case. Dkt. 3 ¶ 1; Dkt. 4 (stating that the Moores reside in the State of California and are U.S. citizens, that Sallyport is a Delaware Limited Liability Company, and that the amount in controversy is $4,481,829.89). The Moores failed to provide any additional argument on subject matter jurisdiction. Therefore, their motion to dismiss based on lack of subject matter jurisdiction is DENIED.[3]

**B.    Rule 12(b)(2)**

The Moores next move to dismiss for lack of personal jurisdiction. Sallyport argues that R. Moore consented in the Guaranty to the jurisdiction of any court Sallyport chooses located in the State of Texas. Dkt. 7, Ex. 1-B at 2; Dkt. 7, Ex. 1-A at 13. In addition, it argues that D. Moore consented to the jurisdiction of any court Sallyport chooses located within Harris County, Texas, and waived all rights to transfer venue under the Continuing Guaranty. Dkt. 7, Ex. 1-C at 11. The Moores failed to file a reply. Because the forum selection clauses are prima facie valid, and the Moores did not provide any argument as to why they should not be enforced, their consent to personal jurisdiction is valid and enforceable. Accordingly, their motion to dismiss for lack of personal jurisdiction is DENIED.

---

[3] It would truly be a rare case if dismissal were warranted, as the motion to dismiss in this case asserts, under every single subsection of Rule 12(b). This is not such as a case. The court cautions counsel to consider the merits of his requests before wasting the court's resources on arguments that were not properly vetted.

## C. Rule 12(b)(3)

The Moores also move to dismiss the case on the basis of improper venue or, in the alternative, transfer the case to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. Section 1404(a). Dkt. 3 ¶ 9. The Moores argue that the venue is improper because all witnesses are residents of California. Additionally, the Moores allege that the United States Bankruptcy Court for the Eastern District of California has exclusive jurisdiction to determine claims against the DRO estate. Dkt. 3 ¶ 9. On the other hand, Sallyport asserts that the Moores agreed to venue in Harris County, Texas, in the Guaranty and the Continuing Guaranty. Dkt. 7 at 8.

In the Continuing Guaranty, D. Moore consented to this venue and waived all rights to transfer venue. Dkt. 7, Ex. 1-C at 11 (stating D. Moore "waives any and all rights Pledgor may have to transfer or change the venue of any such action or proceeding"). D. Moore failed to provide any argument as to why her consent to venue should not be enforced, so it is valid and enforceable. Thus, the motion to dismiss or transfer for improper venue as to D. Moore is DENIED.

In the Guaranty, R. Moore consented to personal jurisdiction, but he did not consent to venue. Dkt. 7, Ex. 1-B at 2 ("This Agreement shall be governed by the laws of the State of the Chosen Forum as that term is defined in the [Agreement] and undersigned consents to the jurisdiction of the Chosen Forum."). The court lacks adequate information to determine whether this court is a proper venue as to R. Moore. The court therefore declines to rule on R. Moore's motion to dismiss or transfer for improper venue. Instead, the court orders the parties to provide supplemental briefing on the propriety of this venue as to R. Moore in light of this court's other venue findings. R. Moore, if he still seeks dismissal or transfer of the claims against him for improper venue, shall provide supplemental briefing confined to this issue on or before November 7, 2018. Sallyport shall file its response within ten days of R. Moore's briefing.

**D. Rule 12(b)(4)–(5)**

The Moores move to dismiss for insufficient process and insufficient service of process. They argue, with regard to both insufficient process and insufficient service, that service via the secretary of state was improper because they do not do business in Texas. Dkt. 3 at 4. Sallyport served the Moores via the secretary of state pursuant to and in compliance with the Texas long-arm statute. Dkt. 1, Ex. 7, Ex. 8; Dkt. 7, Ex. 2. The Moores engaged in business in Texas by contracting by mail or otherwise with a Texas resident, Sallyport, and Sallyport was to perform the Guaranty and the Continuing Guaranty, in whole or in part in Texas. Thus, the secretary of state is the agent for service of process on the Moores. Additionally, D. Moore consented to service of process "by personal delivery or any other methods permitted by law" in her Continuing Guaranty. Dkt. 7, Ex. 1-C at 11. Therefore, the Moores' motion to dismiss due to insufficient process and service of process is DENIED.

**E. Rule 12(b)(6)**

The Moores argue that Sallyport does not state a claim because it did not attach certain documents, does not provide specific facts, and fails to state claims with particularity. Dkt. 3 at 4–5. The court will consider each cause of action in seriatim.

**1. Breach of Contract against the Moores**

"In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied)) (internal quotations omitted).

Here, Sallyport's pleading contains factual allegations that satisfy all of the requisite elements. Dkt. 1, Ex. 3. Specifically, Sallyport avers that (1) the Guaranty and the Continuing Guaranty constitute valid contracts; (2) the contracts were executed; (3) the Moores breached the contracts; and (4) Sallyport was not able to collect on the uncollectible invoices and has thereby been damaged in the amount of $4,481,829.89. *Id.* Thus, Sallyport has stated a claim for breach of contract. Accordingly, the motion to dismiss the breach of contract claim is DENIED.

### 2. Fraud against R. Moore

"[A] party must state with particularity the circumstances constituting fraud or mistake," requiring that a plaintiff set forth the "who, what, when, where, and how" of the alleged fraud. Fed. R. Civ. P. 9(b); *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir.1997). The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) ( citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001)).

Here, in its response, Sallyport explains that the following allegations in its complaint support the elements of its fraud claim: (1) the misrepresentations by R. Moore were made to Sallyport via the Guaranty; (2) the misrepresentation were material to Sallyport's decision to enter into the agreement giving rise to Sallyport's injury; (3) the misrepresentation were false because the accounts sold to Sallyport did not represent bona fide amounts owed; (4) R. Moore, as "an officer and director" of DRO, knew that the representation was false at the time he executed the Guaranty;

12

(5) R. Moore made the representation with the intention that Sallyport would act upon it; (6) Sallyport relied upon the representation; and (7) the misrepresentation caused Sallyport injury. Dkt. 7 at 14–15. Because Sallyport has set forth the who, what, when, where, and how of the alleged fraud and satisfied the elements of fraud, the motion to dismiss the fraud claim against R. Moore is DENIED.

      3.      **Foreclosure of Security Interest**

The Moores conclusorily move to dismiss all claims without stating why they believe the claim of foreclosure of security interest is insufficient. Dkt. 3 ¶ 15. Sallyport alleged in its complaint that it timely filed and perfected its security interests in the collateral described in the Guaranty and the Continuing Guaranty,[4] but it made the conclusory statement that "[p]laintiff is entitled to foreclose on its security interest" without providing any legal basis for this claim. Dkt. 1, Ex. 3 ¶ 22. Because the court has inadequate information to even ascertain if the claim is plausible, the Moores' motion to dismiss this claim is GRANTED. Sallyport moved in the alternative to amend, and its motion to amend is GRANTED.

**F.**      **Rule 12(b)(7)**

The Moores argue that Sallyport failed to join an indispensable party—DRO—in the section where the Moores argue lack of subject matter jurisdiction. Dkt. 3 ¶ 1. Although the Moores assert that DRO cannot be joined as a party because it is in bankruptcy, they failed to explain why DRO is an indispensable party. Dkt. 3 ¶ 1, ¶ 5. They assert that "complete relief cannot be adjudicated,"

---

[4] Sallyport alleged it "timely filed and perfected its security interests in the collateral . . . under UCC Nos. 157472248050, 1775723884, 157472248434, and 1775723918 . . . ."

but this is conclusory in nature. Dkt. 3 ¶ 5. Thus, the motion to dismiss on the ground of failure to join a necessary party is DENIED.[5]

## IV. CONCLUSION

The Moores' motion to dismiss is GRANTED IN PART AND DENIED IN PART. As currently pled, the foreclosure of security interest claim is DISMISSED WITHOUT PREJUDICE. Sallyport's motion for leave to amend is GRANTED to replead its foreclosure of security interest claim. The amended complaint shall be filed within twenty days of the date of this order. The court declines to rule on the motion to dismiss or transfer for improper venue as to R. Moore and orders both parties to submit supplemental briefings. The rest of the motion to dismiss is DENIED.

Signed at Houston, Texas on October 24, 2018.

Gray H. Miller
United States District Judge

---

[5] Even if the Moores had sufficiently discussed why DRO is an indispensable party, the court would likely deny the motion to dismiss. *See WBCMT 2007-C33 Blanco Retail, LLC v. Salfiti*, No. SA-13-CV-716-XR, 2014 WL 325407, at *5 (W.D. Tex. Jan. 29, 2014) (rejecting the defendant's contention that the primary debtor with pending Chapter 11 bankruptcy is a necessary party for a case pursuant to the guaranty agreement).