IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SALLYPORT COMMERCIAL FINANCE, LLC, | § § § |
| *Plaintiff* | § § |
| VS. | § § CIVIL ACTION NO. 4:18-CV-01922 |
| ROBERT KEITH MOORE and DEBORA LANG MOORE, | § § § § |
| *Defendants* | § § |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND REQUEST FOR JURY TRIAL**

Now comes the Defendants Robert Keith Moore, ("R. Moore or "Moores") and Debora Lang Moore ("D. Moore" or "Moores") (collectively "Defendants" or "Moores"), by their undersigned attorney, and file this Answer to the First Amended Complaint ("FAC").

1. The allegations contained in ¶ 1 of the FAC require no response and refer to a state court rule of procedure that the Moores do not believe are applicable in this federal action.

2. The allegations contained in ¶ 2 of the FAC are admitted.

3. Answering the allegations contained in ¶ 3 of the FAC, Defendants admit that they are residents of California and reside at the addresses in California as alleged. The remaining allegations are denied.

4. The jurisdictional allegations contained in ¶ 4 of the FAC are denied.

5. The jurisdictional allegations contained in ¶ 5 of the FAC are denied.

6. The venue allegations contained in ¶ 6 of the FAC are denied.

7. The allegations contained in ¶ 7 of the FAC require no response and refer to a state court rule of procedure that the Moores do not believe are applicable in this federal action. The balance of the allegations contained in ¶ 7 are denied.

8. The allegations contained in ¶ 8 of the FAC are denied.

9. Answering the allegations contained in ¶ 9 of the FAC, R. Moore admits he signed a document, but that document is improperly not attached to the FAC, such document speaks for itself, and the partial quoted language by Plaintiff is taken out of context, and thus without considering the other applicable loan documents then such allegations are denied. The allegations contained in ¶ 9 do not apply to D. Moore, and to the extent those allegations refer to D. Moore then they are denied.

10. Answering the allegations contained in ¶ 10 of the FAC, R. Moore admits he signed a document, but that document is improperly not attached to the FAC, such document speaks for itself, and the partial quoted language by Plaintiff is taken out of context, and thus without considering the other applicable loan documents then such allegations are denied. The allegations contained in ¶ 10 do not apply to D. Moore, and to the extent those allegations refer to D. Moore then they are denied.

11. The allegations contained in ¶ 11 of the FAC are denied.

12. The allegations contained in ¶ 12 of the FAC are denied.

13. The allegations contained in ¶ 13 of the FAC are denied.

14. The allegations contained in ¶ 14 of the FAC are denied.

15. The Defendants' response to ¶¶ 1- 14 are incorporated in responding to ¶ 15.

16. The allegations contained in ¶ 16 of the FAC are denied.

17. The allegations contained in ¶ 17 of the FAC are denied.

18. The Defendants' response to ¶¶ 1- 17 are incorporated in responding to ¶ 18.

19. The allegations contained in ¶ 19 of the FAC are denied.

20. The Defendants' response to ¶¶ 1- 19 are incorporated in responding to ¶ 20.

21. The allegations contained in ¶ 21 of the FAC are denied.

22. The allegations contained in ¶ 22 of the FAC are denied.

23. The allegations contained in ¶ 23 of the FAC are denied. The Defendants are entitled to be paid their legal fees and costs for defending this frivolous action.

Wherefore, Defendants request that the FAC be dismissed with prejudice.

## AFFFIRMATIVE DEFENSES

1. Lack of Jurisdiction: The court lacks jurisdiction over R. Moore and D. Moore, as alleged in the previously filed Motion to Dismiss.

2. The complaint fails to state a cause of action of "fraud" or violation of a "fraud guaranty" against the defendant D. Moore, and therefore Cause of Action "B" must be dismissed as to D. Moore.

3. Failure to State a Claim for Relief: The complaint fails to state facts sufficient to constitute a cause of action or a valid claim for which relief can be granted.

4. Lack of Standing: The Plaintiff lacks the standing to pursue the breach of contract and fraud claims against both Defendants, as such claims are the exclusive claims of the Trustee in bankruptcy for Don Rose Oil Co. Inc. ("DRO") in Eastern District of California, Bankruptcy Case No. 17-12389-A-11.

5. Accord and Satisfaction: DRO, the obligor on the loan documents, has repaid the Plaintiff Sallyport Commercial Finance, LLC ("Sallyport") in full and no longer has any liability

to and is not indebted to Sallyport. The liability of the Defendants as alleged "guarantors" of the DRO loan obligations has been satisfied.

6. Release: The Plaintiff released R. Moore and D. Moore from any loan guarantee that they signed.

7. Estoppel: Sallyport is estopped from pursuing the allegations contained in the FAC. Pursuant to an order of the United States Bankruptcy Court for the Eastern District of California, Sallyport was allowed to foreclose on the loan collateral and the sale proceeds of the DRO propane business was adequate to repay the entire indebtedness due to Sallyport by DRO.

8. Unclean Hands: Sallyport worked with John Castellucci, the person in control of DRO, from the inception of its loan relationship with DRO.  Any accounts receivable as alleged by Sallyport to be improper and not qualified for account receivable financing were disclosed to Sallyport by R. Moore. Sallyport chose to commence its business relationship with DRO and John Castellucci when it had actual knowledge of Mr. Castellucci's "double" financing merchant accounts of DRO.

9. Assumption of the Risk: Sallyport, when it first entered into a loan agreement with DRO, had actual knowledge that DRO could not meet its financial obligations in the ordinary course of its business. Sallyport had actual knowledge that DRO was being operated by John Castellucci and that under Mr. Castellucci's control DRO had engaged in numerous improper actions and the double and triple pledging of the same assets. The details of these transactions are set forth in detail in the United States Trustee's Motion for the Appointment of a Chapter 11 Trustee, and the opinion and order of Bankruptcy Judge Clement, in Eastern District of California, Bankruptcy Case No. 17-12389-A-11.

10. Procedural Defects of FAC: The FAC fails to comply with Fed. R. Civ. P. 8. The complaint is not divided into separate distinct counts that seek alternative grounds for relief. The complaint, rather than file the format of dividing a complaint into separate causes of action, each containing a request for relief (*see* official forms, form 4, *et seq.*), instead lists causes of actions "A" and "B". This is followed by a section VI claim for damages which fails to itemize how the damages alleged relate to the "causes of action" listed in "A" and "B".

11. The complaint is also procedurally defective because it fails to attach to the FAC the contract upon which its breach of contract is based. The FAC makes allegations that the Moores have liability pursuant to an unattached "fraud" guaranty, for accounts that DRO sold to the Plaintiff, but fails to identify the specific accounts that DRO sold to Sallyport which Sallyport alleges did not exist or were otherwise "fraudulent".

12. Lack of Specificity: Plaintiff failed to plead fraud with the specificity required under applicable law.

13. The sole allegation against D. Moore is the allegation that she signed a continuing guarantee. The document is not attached to the complaint.

14. Indispensable Party: The complaint fails to join a required party (namely DRO) under Fed. R. Civ. P. 19.

15. No Mitigation of Damages: Plaintiff has failed to mitigate its damages (if any).

16. Comparative/Contributory Negligence: Plaintiff's claims are barred, in whole or in part, by Plaintiff's own comparative or contributory negligence.

17. Set-off: Plaintiff's claims are barred, in whole or in part, by Defendants' right to set-off and/or recoupment.

Request for Jury Trial

The Defendants request that this case be tried before a jury.

Respectfully Submitted:

_Brendetta A. Scott_
Brendetta A. Scott
HOOVER SLOVACEK LLP
5051 Westheimer, Suite 1200
Houston, Texas   77056
E-Mail:  scott@hooverslovacek.com
**Counsel for Defendants**
***Robert Keith Moore and***
***Debora Lang Moore***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th of December 2018, a true and correct copy of this document was electronically served on all known counsel of record via the Court's CM/ECF system, in accordance with the Federal Rules of Civil Procedure and applicable local rules, as follows:

Jason M. Medley, *Attorney-In-Charge*
Texas State Bar No. 24013153
Southern District Bar No. 25077
LeClairRyan
1233 West Loop South, Suite 1000
Houston, Texas 77027
(713) 654-1111  Telephone
(713) 650-0027  Facsimile
*E-Mail:  jason.medley@leclairryan.com*

Trevor Andrew Hall
Texas State Bar No. 24078617
Leclair Ryan
1233 West Loop South
Ste 1000
Houston, TX 77027
713-752-8305
Email: *trevor.hall@leclairryan.com*

                                      *Brendetta A. Scott*_____
                                      Brendetta A. Scott